**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



ANGELINA SAMPSON, an individual,
Plaintiff for herself and on behalf of all
others similarly situated; BRODIE KNOX,
an individual, Plaintiff for himself and on
behalf of all others similarly situated;
MATTHEW JOHNSON, an individual,
Plaintiff for himself and on behalf of all
others similarly situated; RICHARD
LANDRETH, an individual, Plaintiff for
himself and on behalf of all others
similarly situated,

        Plaintiffs-Appellants,

  v.

JELD-WEN INC., an Oregon corporation
doing business in Washington State,

        Defendant-Appellee.

No.   16-35015

D.C. No. 1:15-cv-03025-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted March 7, 2018
Seattle, Washington

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: RAWLINSON, CLIFTON, and CHRISTEN, Circuit Judges.

Plaintiffs Angelina Sampson, Brodie Knox, Matthew Johnson, and Richard Landreth appeal the district court's grant of summary judgment in favor of Jeld-Wen Inc. (Jeld-Wen) in their diversity action. We review *de novo* a grant of summary judgment, and we "determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 958 (9th Cir. 2018) (citation and internal quotation marks omitted).

Plaintiffs argue that Jeld-Wen was contractually bound to pay annual bonuses for work performed in 2008. We disagree. The January 31, 2006, memo concerning the manager bonus program was distributed contemporaneously with the employment agreements. The memo is most reasonably interpreted as an appendage to the employment agreements because the memo lacks sufficient detail to serve as a standalone agreement. *See Keystone Land & Dev. Co. v. Xerox Corp.*, 94 P.3d 945, 949 (Wash. 2004) (en banc) (holding that the terms of a contract must be "sufficiently definite"). Read together, the two documents reflect that the Jeld-Wen Board of Directors retained discretion as to whether to award bonuses.

Consequently, Plaintiffs failed to raise a material issue of fact regarding Jeld-Wen's obligation to pay bonuses for work performed in 2008, and the district court properly entered summary judgment in favor of Jeld-Wen. *See Oracle*, 879 F.3d at 958.

**AFFIRMED.**